United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 6, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 02-30307

———————————————

STANLEY J. GAUDET; AUDREY CHAIX GAUDET,

Plaintiffs-Appellants,

versus

THE SHEET METAL WORKERS NATIONAL PENSION FUND;
THE SHEET METAL WORKERS LOCAL UNIONS & COUNCILS
PENSION FUND; THE NEW ORLEANS SHEET METAL
WORKERS LOCAL UNION NO. 11 PENSION FUND,

Defendants-Appellees.

———————————————————————————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 01-CV-718-K

———————————————————————————————————————————

Before JOLLY, WIENER and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Stanley Gaudet and Audrey Gaudet (the Gaudets) brought this action under ERISA to obtain pension benefits they contend were wrongfully denied by the Sheet Metal Workers Local Unions and Councils Fund (LUCF) and the Sheet Metal Workers National Pension Fund (NPF). The district court granted summary judgment in favor of LUCF based on the Gaudets' failure to exhaust their administrative remedies. The district court granted summary

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment in favor of NPF on the grounds that the plan administrator did not abuse its discretion when it determined that NPF owed no benefits to the Gaudets under the terms of the plan. The Gaudets appeal.

We review a district court's determination that exhaustion of administrative remedies is required for abuse of discretion. Bourgeois v. Pension Plan for the Employees of Santa Fe Int'l Corp., 215 F.3d 475, 479 (5th Cir. 2000). Plaintiffs seeking benefits from an ERISA plan must exhaust available administrative remedies before bringing suit to recover benefits. Id. However, we have recognized an exception to the exhaustion requirement where pursuit of administrative remedies would be futile or the reviewing committee is hostile or biased against the claimant. The Gaudets offered no evidence to the district court that pursuit of administrative remedies would have been futile or that the LUCF reviewing committee would be hostile to their claims or biased against them. Therefore, the district court did not err in granting summary judgment in favor of LUCF.

We review a denial of benefits by a plan administrator for abuse of discretion when the plan gives the administrator the discretionary authority to interpret the plan. Spacek v. The Maritime Assoc., I.L.A. Pension Plan, 134 F.3d 283, 288 (5th Cir. 1988). The Gaudets contend that NPF denied them pension benefits as an illegal offset to money owed by Stanley Gaudet to the NPF by virtue of criminal and civil judgments against him arising from his

earlier embezzlement of pension funds.  NPF argues, and the record reflects, that the plan administrator relied on the terms of the plan that no person covered by the plan is entitled to obtain more than one pension from the fund in denying the Gaudets' claim.  Because the money Stanley Gaudet embezzled from the plan for his personal use exceeded the amount he was entitled to receive as a pension, the plan administrator determined that the provision of the plan barring duplicate pensions applied to prevent the distribution of a second pension to Stanley Gaudet.  Although the provision in the plan may be ambiguous, the Gaudets have not shown that the administrator abused its discretion in interpreting the plan to deny benefits, particularly given the existence of a prior court order requiring Stanley Gaudet to forfeit his pension benefits and the equities that are plain in the factual and legal circumstances of this case.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.